UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:23-cr-00076-AN |
| v. | PRELIMINARY ORDER OF FORFEITURE AND FINAL ORDER OF FORFEITURE AS TO DEFENDANT ERIC LAMONT HARRIS |
| ERIC LAMONT HARRIS, | |
| Defendant. | |

On November 6, 2025, on the fourth scheduled day of the jury trial in this case, trial was converted to an Entry of Plea Hearing. Defendant was sworn and examined, advised of rights, and charges and elements were summarized. This Court found defendant capable and competent to enter a plea. Defendant Eric Harris entered a Guilty plea as to Counts 1-8 of the Second Superseding Indictment and to the Forfeiture Allegations 1-3. ECF No. 215.

On February 20, 2026, a Notice of Consent to Forfeiture was signed and entered by Defendant Eric Harris (ECF No. 221) whereby Defendant consented to forfeit to the United States of America all property that is:

- property, real or personal, that was used or was intended to be used to commit or to facilitate the commission of that offense, and property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from the commission of the offense charged in Count 1 of the Second Superseding Indictment;

**Preliminary Order of Forfeiture and Final Order of Forfeiture**      Page 1

- property, real or personal, that was involved in, or was used or intended to be used to commit or to facilitate the commission of such violations charged in Counts 2-7 of the Second Superseding Indictment, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations; and

- any and all matter that contains visual depictions of minors engaging in sexually explicit conduct, any and all property that was used or was intended to be used in any manner or part to commit or promote the commission of the violation alleged in that count, or any property, real or personal, constituting or traceable to proceeds of the offenses charged in Count 8 of the Second Superseding Indictment.

Accordingly, it is ORDERED:

1. Pursuant to Rule 32.2 (b)(2) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 2428, 1594 and 2253, the United States is authorized to seize the following property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

- Motorola Moto G Pure cellphone: IMEI 352304805220928;
- Motorola Moto G cellphone: IMEI 357902513406377;
- Motorola Moto G cellphone: IMEI 357902513405643;
- Motorola Moto G, IMEI: 357902513032744;
- Apple iPhone lavender in color, IMEI 357489321870150;
- Motorola Moto G cellphone Android Samsung Galaxy: IMEI 357690701496538;
- TCL cellphone: IMEI 016000003906817;
- Black TCL cellphone, IMEI: 016062001572892;
- Black TCL cellphone, IMEI: 016062001570854;
- Black Apple iPhone with black/brown case, IMEI 356863115272172;
- Black cellphone: IMEI #864535052540200, Model #U319AA;
- TCL cellphone: IMEI #016053000771619;
- TCL cellphone: Model: 5087Z, IMEI 016000005400892;
- Motorola cellphone Model: XT-2213-3, IMEI 357690703560943;

**Preliminary Order of Forfeiture and Final Order of Forfeiture**                                                              **Page 2**

2. The forfeited property is to be held by the United States in its secure custody, or, as may be necessary, the United States may appoint a substitute custodian, and is authorized to maintain and otherwise provide for the care of the property during the pendency of this action.

3. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish on the official government internet site, www.forfeiture.gov; notice of this order, notice of the Marshal's/Treasury's intent to dispose of the property in such manner as the Attorney General/Secretary of the Treasury may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

5. Following the Court's disposition of all petitions filed, or if no such petitions are filed within the time prescribed by law, upon proof of publication and proof of notice to any persons

known to have alleged an interest in the property, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee as provided in Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

IT IS SO ORDERED this 23 day of February 2026.

_____
HONORABLE ADRIENNE NELSON
United States District Judge

Submitted by:

SCOTT E. BRADFORD, OSB #062824
United States Attorney


/s/ Charlotte Kelley_____
CHARLOTTE KELLEY, DCB #17636456
Assistant United States Attorney